# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:11-cr-00012-8 |
| GREGORY BROOKS, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The Government and Gregory Brooks have filed a Joint Motion (Doc. No. 3091) that Mr. Brook's Motion for Compassionate Release (Doc. No. 3065) should be granted. The Joint Motion arises because the Bureau of Prison (BOP) has decided not to release Mr. Brooks to home confinement on September 9, 2020 as it previously represented to the parties and that the parties represented to the Court. This change is not due to Mr. Brooks, who continues to have a serious physical health condition due to Type 2 diabetes mellitus and hypertension, which satisfies the extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13 cmt.n.1(a)(ii). Instead, the delay in Mr. Brooks' release by BOP is the result of an administrative bureaucratic separatee issue at the Residential Reentry Center where BOP had planned to assign Mr. Brooks.

Notwithstanding the consensus that Mr. Brooks' physical health condition merits release, the Court must also find that Mr. Brooks is not a danger to the community and that the Section 3553(a) factors justify his release. Mr. Brooks was sentenced to 156 months because of his participation in a drug conspiracy that involved distributing kilogram quantities of cocaine. As a result of prior non-violent drug convictions, Mr. Brooks qualified as a career offender at the time of sentencing, but he avoided a guideline range of 262-327 months set forth in the Presentence

Report (Doc. No. 3073-1 at ¶ 79), due to a plea agreement for 156 months. Absent the career offender designation, his time in custody would come close to the substantially reduced guideline range. Mr. Brooks indeed engaged in serious criminal behavior. However, he is currently married and will reside with his wife upon release. While in custody, he has received his General Educational Diploma, has a minimal disciplinary record and has completed multiple educational classes. Mr. Brooks does not appear to be the danger to the public that he was at the time of sentencing. U.S.S.G. § 1B1.13(2).

Accordingly, Mr. Brook's Motion for Compassionate Release (Doc. No. 3091) is **GRANTED** and his sentence is reduced to **TIME SERVED**. An appropriate release plan is in place and the defendant shall be released immediately.

His original five-year term of supervised release is increased by 19 months, the amount of time that would otherwise remain on his custody sentence. See 18 U.S.C. § 3582(c)(1). His term of supervised release shall begin immediately with the additional condition that the first nine months shall be spent on home detention. While on home detention, the Defendant is required to remain at his residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and such other times as may be specifically authorized by the U.S. Probation Office. The U.S. Probation Office has discretion to implement a particular technology to address risk. Defendant shall pay all or part of the cost of any monitoring system if the U.S. Probation Office determines the Defendant has the financial ability to do so. All other conditions of supervised release will remain the same.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE